UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JASON BETSINGER, for himself and on
   behalf of those similarly situated,

          Plaintiffs,              Case No.:

          vs.

JACK AND TOM, INC., doing business
as EMBER KOREAN STEAKHOUSE a
Florida Profit Corporation; and SEUNG
        SHIN, Individually,

          Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON BETSINGER ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Verified Complaint against Defendant, JACK and TOM, INC., doing business as EMBER KOREAN STEAKHOUSE, a Florida Profit Corporation ("Ember"), and SEUNG SHIN, Individually ("Shin") (collectively "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs, as well as to recover damages for retaliation under 29 U.S.C. §215(a)(3).

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b) and 215(a)(3).

3.      This Court has supplemental jurisdiction over Plaintiff's Florida Minimum Wage Act ("FMWA") claim pursuant to 28 U.S.C. § 1367(a), because Plaintiff's FMWA claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as the FLSA claim.

4.      Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## INTRODUCTION

5.      Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. §206, 29 U.S.C. §207, and 29 U.S.C. §215(a)(3).

6.      The Defendants in this case violated the FLSA and FMWA by failing to pay Plaintiff and other similarly situated servers and/or bartenders the proper minimum wage (FLSA/FMWA) and overtime compensation (FLSA) for all hours worked.

7.      This action is intended to include each and every hourly-paid server and/or bartender who worked for Ember within the past three (3) years.

## PARTIES

8.      At all times material to this action, Plaintiff was, and continues to be a

resident of Broward County, Florida.

9.    At all times material to this action, Defendant Ember was, and continues to be, a Florida Profit Corporation. Further, at all times material to this action, Defendant Ember was, and continues to be, engaged in business in Florida, doing business, in Lee County, Florida.

10.    Defendant, Ember, is currently listed with the Florida Department of State, Division of Corporations, as an "Active" business, at 7091 College Pkwy Ste 9 Ft Myers, FL as its principal address. *See* Corporation search result attached hereto as **Exhibit A.**

11.    Based on the information and belief, at all times material hereto, Defendant Shin was and continues to be a resident of Lee County, Florida.

12.    At all times material hereto, Defendant Shin was, and continues to be registered as President of Ember.

13.    At all times material hereto, Defendant Shin managed the day-to-day operations of Ember and regularly exercised the authority to: (a) hire and fire employees of Ember; (b) determine the work schedules for the employees of Ember; and (c) control the finances and operations of Ember.

14.    By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of Ember; (b) determine the work schedules for the employees of Ember; and (c) control the finances and operations of Ember, Shin is an employer as defined by 29 U.S.C. 201 *et. seq.*

15.     Further, at all times material hereto, Shin was and continues to be the operator of Ember, acting in Ember's interest in directing the work of Plaintiff and other servers.

16.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and FMWA.

17.     At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA and FMWA.

18.     Defendants were, and continue to be, "employers" within the meaning of the FLSA and FMWA.

19.     At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA and FMWA.

20.     Based upon information and belief, the annual gross revenue of Defendant, Ember, was in excess of $500,000.00 per annum in each of the three years preceding the filing of the Complaint in this action.

21.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, kitchen equipment, and imported beer and wine, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

22.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23.    In August 2021, Defendants hired Plaintiff Betsinger to work as a non-exempt hourly-paid server and bartender.

24.    Plaintiff's job duties, like the other service staff, were serving food and drinks to customers and, as a bartender, making drinks and processing payments.

25.    Plaintiff was paid a direct hourly wage of $7.00 per hour for those hours he was permitted to clock in.

26.    To make up the remainder of the minimum wage owed, Defendant claimed a "tip credit."

27.    Defendants did not provide adequate notice to Plaintiff of their intention to claim a tip credit.

28.    Defendants did not allow Plaintiff to retain all of his tips.

29.    Defendants also required that Plaintiff's earned tips, as well as earned tips of all other servers and bartenders, be shared with employees who do not customarily receive tips, including but not limited to managers.

30.    These tips were the property of, and should have been retained by, Plaintiff and his fellow servers and bartenders.

31.    Upon information and belief, these policies and requirements regarding Defendants' unlawful distribution of tips applied equally to all servers and bartenders (hereafter "similarly situated employees" "bartenders/servers" or the

"putative collective"). By virtue of Defendants' appropriation of a portion of its bartenders/servers' tips to pay other non-tipped employees, including management, Defendants were not entitled to take a tip credit. Rather, Defendants were/are required to pay Plaintiff and other servers, the full, regular minimum wage.

32.     In addition, under the FLSA and FMWA, an employer who fails to provide information required by section 203(m), regarding the tip-credit, cannot use the tip credit provisions and therefore must pay the tipped employee at least the full minimum wage, and allow the tipped employee to keep all tips received.

33.     Defendants did not provide their bartenders/servers the notice required by Section 203(m) of the FLSA, incorporated by reference into the FMWA.

34.     Due to their improper appropriation of bartenders/servers' tips to Defendants, and failure to provide the notice required by Section 203(m), Defendants were not entitled to take any tip credit, and failed to pay Plaintiff and similarly situated employees at least the applicable minimum wage.

35.     In addition, Defendants required Plaintiff and similarly situated employees to arrive at work approximately 30 minutes prior to the beginning of their shifts, without allowing them to clock in.

36.     Failure to pay for these hours resulted in further failure to pay owed minimum wages to Plaintiff and those similarly situated.

37.     Due to Defendants' practices, Plaintiff and similarly situated employees did not earn  at least the statutory minimum wage for all hours worked during one or more workweeks.

38.     Plaintiff and similarly situated employees were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

39.     Plaintiff and those similarly situated were/are entitled to the Florida minimum wage pursuant to 29 C.F.R §778.5, as well as pursuant to the FMWA.

40.     Defendants have a common pay policy and/or pay practice which violates the FLSA's and FMWA's minimum wage and tip credit provisions, and therefore fail to pay certain hourly employees at least the statutory minimum wage for all hours worked per week as a result of:

    a.     Failing to provide the notice required by Section 203(m);

    b.     Requiring their bartenders/servers to share tips with non-tipped employees and managers; and

    c.     Requiring servers to arrive 30 minutes early for their shifts, without compensating them for same.

41.     Because Defendants took a tip credit without proper notice, and retained tips for unlawful purposes, Defendants are not permitted to claim the tip credit, and must re-pay Plaintiff, and similarly situated employees the amount of any tip credit claimed.

42.     Because Defendants engaged in a mandatory tip pool in which monies were distributed to individuals other than tipped employees, Defendants must disgorge to Plaintiff, and similarly situated employees, the amount of any tips unlawfully distributed.

43.     Due to Defendants' unlawful practices described herein, Plaintiff and

similarly situated employees did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

44.     Defendants also maintained unlawful policies and practices pursuant to which they failed to pay servers and bartenders proper overtime premiums.

45.     Specifically, for example, Defendants did not permit Plaintiff and those similarly situated to clock in for training hours, leading to unpaid overtime premiums at least in the first month of employment.

46.     In addition, to the extent the 30 minutes worked off-the-clock pre-shift caused servers and bartenders' hours to be over forty in a workweek, same were not compensated at all, including failure to pay required overtime premiums on those hours.

47.     In various workweeks in the three years preceding the filing of this Complaint, Plaintiff and similarly situated employees worked for Defendants in excess of forty (40) hours within a workweek.

48.     Defendants did not compensate Plaintiff or similarly situated employees at one and one-half times the minimum allowable rate of hourly pay for all overtime hours.

49.     Due to the policies and practices described above, during the three yours preceding the filing of this Complaint, Defendants failed to compensate Plaintiff and those similarly situated at a rate of one and one-half times the minimum allowable overtime rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

50.     Plaintiff and similarly situated employees who worked for Defendants in the three years prior to the commencement of this lawsuit should be compensated at the rate of one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, which must, at a minimum, be one and a half times the lowest lawful minimum wage, as required by the FLSA.

51.     Defendants have violated Title 29 U.S.C. §203, 206, during the three years preceding the filing of the Complaint in this matter, in that:

      a.     Defendant have failed to pay Plaintiff and similarly situated employees proper minimum wage for all of the hours worked for Defendants as required by the FLSA and FMWA;

      b.     Defendants unlawfully retained tips that were the property of Plaintiff and similarly situated employees;

      c.     No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and similarly situated employees at a rate equal to the applicable minimum wage, for all hours worked; and

      d.     Defendants failed to maintain accurate records of employee hours worked.

52.     Defendants have violated Title 29 U.S.C. §207 during the three years preceding the filing of this Complaint, in that:

      a.     Plaintiff and similarly situated employees worked in excess of forty (40) hours in one or more workweeks during their

employment with Defendants;

b.    No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and similarly situated employees at the statutory rate of one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA, which rate must, at a minimum, be no less than one and one-half times the lowest lawful minimum wage; and

c.    Defendants failed to maintain accurate records of employee hours worked.

53.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiff and those similarly situated, as Defendants knew or with reasonable diligence should have known that Plaintiff and other bartenders and/or servers should be paid at least the minimum wage for all hours worked; and that these employees were entitled to be paid for all of their overtime hours at an overtime rate, such that they did not qualify Defendants for any exemption to the FLSA's requirement to pay overtime premiums.

54.    Defendants' failure to pay proper overtime was knowing or in reckless disregard of the law. Plaintiff complained about these violations, and Defendants did nothing to rectify them. Instead, Defendants retaliated against Plaintiff after he complained about the violations described herein and indicated that he planned to

pursue legal action.

55.      On or about June 1, 2022, Plaintiff served a letter to Defendant pursuant to Fla. Stat. §448.110, demanding payment for unpaid minimum wages.  A copy of this letter is attached to this Complaint as **Exhibit B**.

56.      Defendants failed to make payment of the amount demanded or otherwise resolve the claim to Plaintiff's satisfaction.

57.      During his employment, Plaintiff complained to Defendants about their failure to pay proper minimum wages. Plaintiff further made it known that he planned to bring legal action to address the tip pool and off-the-clock issues raised in this Complaint.

58.      Defendants initially told Plaintiff that they would fire him due to his complaints.

59.      When Plaintiff responded that this would be unlawful retaliation, Defendants instead changed Plaintiff's scheduled shifts and work hours, so that he made significantly less money.

60.      Plaintiff suffered damages as a result of Defendants' retaliatory change to his schedule.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

61.      Plaintiff and the putative collective members are all servers and bartenders in Defendants' location at 7091 College Parkway, Suite 9, Fort Myers, FL 33907, and performed the same or similar job duties as one another in that they

provided food and beverage services to Defendants' patrons.

62.     Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all paid less than the full minimum wage, did not receive proper notice of Defendants' intention to claim a tip credit, and were subject to unlawful sharing of a mandatory tip pool.

63.     Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all subject to Defendants' policy and practice of requiring employees to arrive 30 minutes early without being permitted to clock in, of requiring employees to perform required training without clocking in, and of not paying overtime for all hours over forty in a workweek, as required by the FLSA, such that they were deprived of proper overtime premiums owed under the law.

64.     Defendants' uniform method of payment to Plaintiff and the putative collective members resulted in a violation of the FLSA and FMWA tip credit provisions and a failure to pay Plaintiffs and the putative collective members the required minimum and overtime wages due.

65.     These policies and practices were equally applicable to Plaintiff and the putative collective members.

66.     Accordingly, the putative collective members are properly defined as:

> **All "Bartenders and Servers" who worked for Defendants at 7091 College Parkway, Suite 9, Fort Myers, FL 33907 in the three years prior to the date the Complaint in this matter was filed.**

67.     Similarly, the proposed class is properly defined as:

> **All "Bartenders and Servers" who worked for Defendants at 7091**

**College Parkway, Suite 9, Fort Myers, FL 33907 in the five years prior to the date the Complaint in this matter was filed.**

68.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum and/or overtime wages with respect to Plaintiff and the putative collective members.

69.    Upon information and belief within the applicable statute of limitations, over 40 individuals were subject to the patterns, practices, and policies described herein, which violate the FLSA and the FMWA.

70.    Upon information and belief within the applicable statute of limitations, over 40 other individuals who worked with Plaintiff or in a similar position as Plaintiff were paid in the same manner, performed similar work as described above, and were not properly compensated for all hours worked as required by state and federal wage laws.

71.    Upon information and belief, Defendants have employed over 40 persons as servers or bartenders within the five years preceding the date of the initial Complaint to the present.

72.    Upon information and belief, Defendants have paid over 40 persons employed as servers or bartenders the tipped minimum wage as a form of direct compensation for their hours worked in the five years preceding the date of the initial Complaint to the present.

73.    Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and FMWA are the product of generally applicable, systematic

policies, and practices which are not dependent on the circumstances of each individual employee.

74.    Because they were subject to common policies and practices while performing similar work, Plaintiff's experiences, and the violations to which they were subject are typical of those experienced by others in the proposed class.

75.    The specific job titles of those in the proposed class do not prevent class or collective treatment, because they performed similar work and were subject to the same unlawful practices and policies.

76.    Plaintiff has no interests contrary to, or in conflict with, the proposed class he seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA and FMWA.

77.    A class and collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

78.    Absent this litigation, those Plaintiff seeks to represent likely will not obtain any remedy for their injuries, and Defendants will receive improper benefit, even though they have engaged in systematic and egregious violation of the FLSA and FMWA.

79.    Furthermore, even in the event that other servers and bartenders sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court and/or a Florida state court.

80.    Litigating this matter as a class action promotes judicial economy and

efficiency.

81.    Questions of law and fact common to those Plaintiffs seek to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

a.    Whether Defendants employed Plaintiff and the proposed class within the meaning of the FLSA and the FMWA;

b.    Whether Plaintiff and the proposed class received proper notice related to the tip credit;

c.    Whether Plaintiff and the proposed class were improperly denied minimum wage compensation;

d.    Whether tips that all proposed class members put into a shared tup pool were improperly shared;

e.    Whether the violation of the FLSA and the FMWA was willful;

82.    Plaintiff's claims are typical of the claims of those he seeks to represent. Plaintiff and the proposed class were uniformly damaged by Defendants' unlawful policies, which were equally applicable to Plaintiff and the proposed class.

83.    There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a class action.

84.    While the amount of damages may vary to some degree between members of the class, the facts establishing liability are common.    Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work hours and contributions to the tip pool are known.

Therefore, this issue does not affect the ability of this matter to proceed as a class action.

## COUNT I
## RECOVERY OF MINIMUM WAGES

85.     Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-84 above.

86.     Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with Defendants.

87.      In the three years preceding the filing of the Complaint in this action, Defendants failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each hour worked for Defendants.

88.     Defendants failed to provide proper notice of their intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m).

89.     Defendants shared tips from a mandatory tip pool with non-tipped employees, in violation of the FLSA.

90.     Because of these policies, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

91.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

92.     Defendants willfully failed to pay Plaintiffs the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

93.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because they were subject to the same unlawful policies and practices described above to which Plaintiff was subject.

94.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages, as well as payments of tip monies to non-tipped employees, for one or more weeks of work with Defendants.

95.     As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them, in addition to disgorgement of tips unlawfully distributed.

96.     Defendants knew or reasonably should have known their conduct violated the FLSA.

97.     Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION/FMWA)

98. Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-84 above.

99. Plaintiff and those similarly situated are entitled to be paid minimum wages for each hour worked during employment with Defendants.

100.    Plaintiff and those similarly situated were not paid the proper minimum wage, pursuant to Article X, Section 24 of the Florida Constitution and the FMWA.

101.    Defendants willfully failed to pay Plaintiff and those similarly situated minimum wages for their hours worked during their employment contrary to Article X, Section 24 of the Florida Constitution and the FMWA.

102.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages for all weeks of work with Defendant.

103.    On or about June 1, 2022, Plaintiff served a letter on Defendants pursuant to Fla. Stat. 448.110, demanding payment for unpaid minimum wages.  To date, Defendants have failed to make payment in accordance with same.  Therefore, while Plaintiff disputes the constitutionality of the requirement to serve a pre-suit notice, Plaintiff has satisfied all prerequisites, to the extent there are any, for bringing their claim pursuant to the Florida Constitution and the FMWA.

104.    Plaintiff and those similarly situated are entitled to an award of damages in an amount equal to their unpaid minimum wages and an equal amount as liquidated damages.

105.    Plaintiff and those similarly situated are entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution and the FMWA.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

106.    Plaintiff incorporates and adopts all allegations contained within Paragraphs 1- 84 above.

107.    In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other bartenders/servers worked hours in excess of forty (40) hours for which Plaintiff and other bartenders/servers were not compensated at the statutory rate of one and one-half times the applicable minimum wage.

108.    Plaintiff and other bartenders/servers were, and are entitled to be paid at the statutory rate of one and one-half the applicable minimum wage for all hours worked in excess of forty (40) hours in a workweek.

109.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other bartenders/servers at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of forty (40) hours per workweek when they knew, or reasonably should have known, that same was due, including because Defendants have been sued before for violation of the minimum wage and overtime provisions of the FLSA.

110.    During the three years preceding the filing of the Complaint in this matter, other bartenders/servers were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to

properly pay Plaintiff proper overtime wages at one and one-half their regular rate of pay for such hours, pursuant to a policies, plans, and practices which were equally applicable to all bartenders/servers.

111.    Due to Defendants' unlawful acts, Plaintiff and those similarly situated suffered and continue to suffer damages and lost compensation for certain hours worked over forty (40) hours in one or more workweeks.

112.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT IV
## RETALIATION

113.    Plaintiff incorporates and adopts all allegations contained within Paragraphs 1- 84, above.

114.    Plaintiff complained to Defendants about their failure to pay proper minimum wages. Plaintiff further made it known that he planned to bring legal action to address the tip pool and off-the-clock issues raised in this Complaint.

115.    Defendants initially told Plaintiff that they would fire him due to his complaints.

116.    When Plaintiff complained that this would be retaliation, Defendants instead changed Plaintiff's scheduled shifts and work hours, so that he made significantly less money.

117.    Defendants have discriminated and retaliated against Plaintiff because he complained about Defendants' unlawful pay practices, in violation of 29 U.S.C.

§215(a)(3).

118.    Defendants' retaliatory and discriminatory conduct towards Plaintiff was willful as Defendants knew or should have known that their actions were in violation of 29 U.S.C. §215(a)(3).

119.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

120.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, requests an Order granting conditional certification pursuant to Section 216(b) of the FLSA, of a putative collective of the bartender/servers who worked for Defendants in the three years preceding the filing of the complaint; an Order permitting Notice to all putative collective members; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, or prejudgment interest to the extent liquidated damages are not awarded, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 12th day of September, 2023.


/s/ *Angeli Murthy*
Angeli Murthy, Esq., B.C.S.
Florida Bar No.: 088758
Morgan & Morgan, P.A.
8151 Peters Road
Suite 4000
Plantation, Florida 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com
*Trial Attorneys for Plaintiff*